IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

Tracy Frederick,                                                                 Case No. 3:14-cv-01314

    Plaintiff,

v.                                                                                              **ORDER**

Sandusky Central Catholic School,

    Defendant.

This is an employment discrimination case in which plaintiff, Tracy Frederick, claims her former employer, Sandusky Central Catholic School (SCCS), violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626.

Frederick alleges SCCS violated the ADEA when it eliminated her teaching position and declined to hire her for another opening. Specifically, Frederick claims that: 1) she was a member of a protected class; 2) SCCS terminated her; 3) she was qualified for the open position; and 4) members outside of her protected class were treated more favorably.

Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

Pending is the defendant's motion to dismiss (Doc. 9).

For the reasons that follow, I deny the motion.

## Background

In 1993, Frederick started working for SCCS. Most recently, Frederick was a computer teacher for students ranging from kindergarten through eighth grade. On August 9, 2013, defendant eliminated plaintiff's position and terminated her employment. Defendant also informed plaintiff that she would be unable to transition into another position.

Plaintiff alleges that at the time of her termination, there was a fourth grade teaching position available, and shortly after being terminated, a fifth grade teaching position became available. Plaintiff further alleges defendant hired substantially younger individuals to fill the positions and retained substantially younger individuals in positions for which she was qualified.

On January 10, 2014, Frederick filed a claim alleging unlawful age discrimination with the Ohio Civil Rights Commission (OCRC) and the Equal Employment Opportunity Commission (EEOC). On May 29, 2014, more than sixty days after filing her initial claims, Frederick voluntarily withdrew her charges without receiving a Notice of Right to Sue from the OCRC or EEOC. On June 18, 2014, Frederick filed this lawsuit, alleging defendant violated the ADEA by terminating her because of her age.

## Discussion

Defendant moves under Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's complaint, arguing she failed to: 1) plead an ADEA claim properly, and 2) exhaust administrative remedies.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When reviewing a motion to dismiss, I construe the complaint in the light most favorable to the plaintiff and accept all well-pled allegations as true. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

The complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 596 (2007)). Further, basic federal pleading requires that the pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. Therefore, a plaintiff is not required to plead a prima facie case in an initial pleading. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 (2002).

## I. Improper Pleading Claim

In her complaint, plaintiff alleges SCCS violated the ADEA when it terminated her employment. Defendant argues plaintiff's complaint only amounts to unsupported conclusions, and is therefore insufficient under the mandate of *Iqbal* and *Twombly*. I disagree. Under circumstances such as these, where barriers exist to a plaintiff's access to the details the defendant claims are lacking is readily, if not instantly available to the defendant, it would unreasonably expand the *Iqbal*/*Twombly* doctrines to require a plaintiff to allege more specific details.

Plaintiff no longer works for defendant; she lacks access to defendant's employment files generally. At this stage of the proceedings, she has plead all the elements of an ADEA claim with as much specificity as reasonably possible.

Likewise, at this stage, plaintiff cannot anticipate the employer's putative grounds for its termination decision. She alleges she can prove the requisite elements for a *prima facie* case: she was qualified, over forty, and lost her job, and a younger worker replaced her.

Therefore, I deny defendant's motion to dismiss plaintiff's ADEA claims on the grounds of insufficient pleading.

## II. Failure to Exhaust Administrative Remedies

The United States Supreme Court has ruled that an individual need not wait for the EEOC to take action before filing an ADEA lawsuit. *Fed. Ex. Corp. v. Holowecki*, 552 U.S. 389, 403-404 (2008) (holding that while no civil action could be brought by an individual under the ADEA until sixty days after the filing of a charge alleging unlawful with the EEOC, a complainant's right to sue does not depend on action by the agency); *see also Dunn v. Medina Gen. Hosp*. 917 F. Supp. 1185, 1190 (N.D. Ohio 1996) ("plaintiff need only wait sixty days before bringing a suit in federal court, even if the filing is merely formal and ineffective for state administrative purposes.").

SCCS seeks dismissal on the basis that neither the EEOC nor OCRC issued her a Notice of Right to Sue. It also argues that plaintiff's voluntary withdrawal of her EEOC and OCRC charges, after waiting sixty days, effectively terminated the underlying administrative process, thus divesting plaintiff of the right to pursue age discrimination allegations against SCCS.

Plaintiff argues that by filing charges with the EEOC and then waiting sixty days to initiate the lawsuit, she successfully exhausted her administrative remedies. She further argues that under the ADEA, a plaintiff need not obtain a Notice of Right to Sue from the EEOC prior to filing a lawsuit in federal court.

The defendant is mistaken: a plain reading of the EEOC guidelines makes it clear that no Notice of Right to Sue is necessary before a plaintiff may file an age discrimination suit. Likewise, the OCRC does not expressly prohibit a plaintiff from filing a lawsuit if the plaintiff voluntarily withdraws a complaint.

In any event, the EEOC guidelines do not require complete exhaustion; rather, plaintiffs need only wait sixty days after filing charges with the EEOC to initiate suit. In this case, plaintiff simply notified the OCRC and EEOC that she was electing to forgo further administrative proceedings in favor of her right to proceed in court.

For these reasons, I deny the defendant's motion to dismiss plaintiff's ADEA claims on the grounds that she failed to exhaust administrative remedies.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT: defendant's motion to dismiss (Doc. 9) be, and the same hereby is overruled.

So ordered

/s/ James G. Carr

Sr. United States District Judge
